**HUMPHREY & RIST, LLP**
Christina A. Humphrey, Esq. (SBN 226326)
Thomas A. Rist, Esq. (SBN 238090)
351 Paseo Nuevo, 2nd Floor
Santa Barbara, California  93101
Telephone:     (805) 618-2924
Facsimile:      (805) 618-2939
christina@humphreyrist.com
tom@humphreyrist.com

**TOWER LEGAL GROUP**
James A. Clark (SBN 278372)
1510 J St., Suite 125
Placer, CA  95814
Telephone:  (916) 361-6009
Facsimile:   (916) 361-6019
james.clark@towerlegalgroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROWLAND on behalf of himself and all others similarly situated,<br><br>                     Plaintiffs,<br>v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a limited liability company; CARMAX AUTO SUPERSTORES WEST COAST, INC., a corporation, and DOES 1-100, inclusive,<br><br>                    Defendant. | **CASE NO. 2 :16-cv-02135-VGC**<br>(assigned to the Honorable Vince G. Chhabria)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR :**<br><br>1. **RECOVERY OF UNPAID MINIMUM WAGES;**<br>2. **RECOVERY OF UNPAID WAGES AT THE DESIGNATED RATE;**<br>3. **FAILURE TO REIMBURSE WORK-RELATED EXPENSES;**<br>4. **FAILURE TO PROVIDE MEAL PERIODS;**<br>5. **FAILURE TO PROVIDE REST PERIODS;**<br>6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br>7. **WAITING TIME PENALTIES**<br>8. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

Plaintiff, JAMES ROWLAND, on behalf of himself and putative class members (collectively "Plaintiffs"), hereby files this First Amended Complaint against Defendant CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a California limited liability company, CARMAX AUTO SUPERSTORES WEST COAST, INC., a corporation, and DOES 1 to 100, inclusive (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief alleges, as follows:

**INTRODUCTION**

1. Defendants are a national automobile dealership that specializes in selling automobiles. Plaintiff was a Sales Consultant. Throughout the relevant time period, Plaintiff and other Sales Consultants were generally responsible for selling automobiles and accessories for the automobiles.

2. At all times relevant hereto, Defendants failed to fully compensate Sales Consultants at least minimum wage and/or designated rates for all hours worked in violation of Labor Code Sections 204, 210, 221-223, 225.5, 558, 1182.12, and 1194, 1197 and Wage Order number 7 promulgated by the Industrial Welfare Commission ("IWC Wage Order No. 7"), section 4.

3. At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to indemnify Plaintiff for employment-related expenses including, but not limited to, using personal cell phones for business tasks, in violation of Labor Code section 2802 and IWC Wage Order No. 7.

4. At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to maintain documentation of the actual hours worked each day by Plaintiffs, all wages earned and meal breaks taken in violation of Labor Code sections 1174 and IWC Wage Order No. 7, section 7.

5. At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to provide meal breaks and rest breaks and failed to pay for rest breaks, and premium wages for on-duty, missed, short, and/or late meal or rest breaks in violation of Labor Code §§ 226.7, 512, 516.

6. At all times relevant hereto, and as a matter of policy and/or practice, Defendants

**FIRST AMENDED CLASS ACTION COMPLAINT**

knowingly and intentionally provided Plaintiff with wage statements that, among other things, do not show all wages earned, all hours worked, all applicable pay rates, all applicable piece rates, all units earned, and applicable commission rates.

7.     At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to pay Plaintiff all wages due and owing upon termination of employment including, but not limited to, repayment of all unlawful deductions from wages, payment of minimum wage compensation in violation of Labor Code sections 201-203.

<b><u>PARTIES</u></b>

**A.     Plaintiff**

8.     Plaintiff JAMES ROWLAND is an individual over the age of eighteen (18), is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California, worked for Defendants in California and was denied the benefits and protections of the California Labor Code and IWC Wage Order Number Seven as asserted herein.  Plaintiff worked for Defendants during the class period in the County of Placer.

**B.     Defendants**

9.     Plaintiff is informed and believes, and based thereon alleges, that Defendant CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, is a limited liability Company that did business in the State of California and the County of Placer and was is engaged in selling automobiles to consumers for purchase.  Defendant is a citizen of Virginia because it is organized under the laws of Virginia, with its principal executive offices located in Richmond, Virginia.

10.     Plaintiff is informed and believes, and based thereon alleges, that Defendant CARMAX AUTO SUPERSTORES WEST COAST, INC, is a corporation that did business in the State of California and the County of Placer and was is engaged in selling automobiles to consumers for purchase.  Defendant is a citizen of Virginia because it is organized under the laws of Virginia, with its principal executive offices located in Richmond, Virginia.

11.     DOES 1 to 100, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 to 100,

<b>FIRST AMENDED CLASS ACTION COMPLAINT</b>

3

inclusive, and for that reason, DOES 1 to 100 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

12.     Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, in some manner, legally responsible for the events, happenings and circumstances alleged in this Complaint.

13.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleges and was responsible in whole or in part for the matters referred to herein.

14.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleges in this Complaint.

15.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff and others similarly situated.

16.     Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleges in this Complaint.

**FIRST AMENDED CLASS ACTION COMPLAINT**

4

**JURISDICTION AND VENUE**

17.     This Court has original jurisdiction for the California state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332.  The parties to this action are residents of different states.  Plaintiff is a citizen of California and Defendants are citizens of Virginia.  There are more than one hundred (100) putative class members.  As set forth in more detail below under the Factual Allegations, damages are estimated to exceed the jurisdictional minimum of $5,000,000 and using conservative estimates of an average three hundred fifty (350) full time equivalents, is estimated to range from $25,000,000 to $30,000,000 for unpaid time, meal and rest breaks, unreimbursed expenses for cell phone usage, inaccurate wage statements, and failure to pay final wages.

18.     The United States District Court for the Eastern District of California has personal jurisdiction because Defendants conduct business within this District.

19.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that Defendants are subject to personal jurisdiction in this district at the time action was commenced and, pursuant to 28 U.S.C. §§ 1391(b)(c), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Roseville, California, and had their primary effect in this judicial district.

**FACTUAL ALLEGATIONS**

20.     Plaintiff incorporates herein by reference the allegations set forth above.

21.     Defendants are a national auto dealer engaged in the business of selling used cars at 140 (one hundred forty) locations throughout the Country with at least 18 (eighteen) locations in the State of California, one of which is in Placer County. Throughout the class period, Defendants have employed numerous Sales Consultants within the State of California.

22.     In addition to selling cars, Sales Consultants' tasks include taking inventory of cars, performing training modules, following standard operating procedures, listening to and critiquing co-workers' telephone conversations, attending staff meetings, performing telephone support, and responding to internet leads.

23.     Sales Consultants were often paid on a commission basis, which specifically excludes compensation for certain activities (based on car sales and accessory sales, etc.).  This practice in

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  turn assures that Sales Consultants are not paid appropriately for all hours worked.

2  **A.    Defendants' Failure to Pay Minimum Wages**

3       24.    At all times relevant hereto, California Labor Code section 1197 provided that "[t]he

4  minimum wage for employees fixed by the commission is the minimum wage to be paid to

5  employees, and the payment of a less wage than the minimum so fixed is unlawful."

6       25.    At all times relevant hereto, California Labor Code section 1182.12 and IWC Wage

7  Order No. 7 section 4 provided that on and after January 1, 2008, the minimum wage shall be not

8  less than eight dollars ($8.00) per hour and that on and after July 1, 2014, the minimum wage shall

9  be not less than nine dollars ($9.00) per hour.

10       26.    At all times relevant hereto, Defendants' commission based compensation system did

11  not fully compensate Plaintiff for all hours worked.  Indeed, Plaintiff's commission was based on

12  sales, not hours worked, or other work tasks that were required to be completed throughout the day.

13       27.    At all times relevant hereto, and as a matter of policy and/or practice, Defendants'

14  commission failed to compensate Plaintiff for all work hours and thus, failed to pay minimum wage

15  for each hour Plaintiff worked in violation of California law.

16       28.    By failing to pay Plaintiff all minimum wages due for all hours worked, Defendants

17  violated Labor Code sections 204, 1182.12, and 1197 and IWC Wage Order No. 7 section 4.

18  **B.    Defendants' Failure to Pay Designated Rates**

19       29.    At all times relevant hereto, California Labor Code section 223 provided "[w]here

20  any statute or contract requires an employer to maintain the designated wage scale, it shall be

21  unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by

22  contract."

23       30.    At all times relevant hereto, and as set forth above, Defendants' compensation

24  scheme purported to compensate Plaintiff for all hours worked.  In reality, Defendants suffered or

25  permitted Plaintiff to work portions of their day without compensation, or lower compensation,

26  while subject to Defendants' control.

27       31.    At all times relevant hereto, Defendants paid less than the agreed upon compensation

28  owed to Plaintiff, while purporting to pay the designated wage scale in violation of Labor Code

**FIRST AMENDED CLASS ACTION COMPLAINT**

6

1   section 223.

2        32.    By failing to pay Plaintiff all wages due at the designated rate, Defendants violated

3   Labor Code sections 204 and 223.

4        33.    Upon information and belief, based on conservative estimates of unpaid time

5   consisting of 5 hours a week for the average putative class member, for 350 full time sales

6   consultants, paid at a rate of $25 an hour ($48,000 a year), for 46 weeks of the year over a four year

7   period (5x25x46x4x350), the total estimated unpaid time at the designated rate is $8,050,000.

8   **C.    Defendants Required Plaintiff to Cover Defendants' Business Costs**

9        34.    At all times relevant hereto, California Labor Code section 2802 required employers

10   to indemnify their employees for "all necessary expenditures or losses incurred by the employee in

11   direct consequence of the discharge of his or her duties, or of his or her obedience to the directions

12   of the employer…"

13        35.    At all times relevant hereto, Defendants required Plaintiff to utilize a personal cell

14   phone to conduct business without reimbursement.

15        36.    By failing to indemnify Plaintiff for all necessary expenditures or losses incurred by

16   Plaintiff in direct consequence of the discharge of his duties, Defendants violated Labor Code

17   section 2802.

18        37.    Upon information and belief, based on conservative estimates of $50 of cell phone

19   expenses a month utilized for work related to Carmax for the average class member, for an estimated

20   350 full time equivalent sales consultants, for 46 weeks of the year over a four year period

21   (50x10.5x4x350), the total unreimbursed expenses are $7,350,000.

22   **D.    Defendant's Failure to Provide Meal Breaks**

23        38.    Plaintiff and the members of the class did not waive their meal periods, by mutual

24   consent with Defendant or otherwise. Plaintiff and the members of the putative class did not enter

25   into any written agreement with Defendant agreeing to an on-the-job paid meal period. Nevertheless,

26   Defendant implemented a uniform policy and procedure in which Plaintiff and members of the Class

27   were not provided required duty-free compliant meal periods.

28        39.    Plaintiff is informed and believes and based thereon alleges that Defendant failed to

**FIRST AMENDED CLASS ACTION COMPLAINT**

7

effectively communicate California meal period requirements to their sales consultants including Plaintiff and the members of the putative class.

40.    Plaintiff is further informed and believes and based thereon alleges that as a matter of policy and/or practice, Defendants routinely failed to provide their sales consultants, including Plaintiff and the members of the putative class, with meal periods during which they were relived of all duties by requiring them to remain on duty.

41.    Specifically, throughout the Relevant Time Period, Defendant regularly:

  a.    Failed to provide Plaintiff and the members of the putative class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

  b.    Failed to provide Plaintiff and the members of the putative class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; and

  c.    Failed to pay Plaintiff and the members of the putative class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

  d.    Failed to accurately record all meal periods.

**E.    Defendant's Failure to Provide Rest Breaks**

42.    At all times relevant hereto, Labor Code section 226.7 and IWC Wage Order, number 7, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

43.    At all times relevant hereto, Labor Code Section 226.7(b) and IWC Wage Order, number 7, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

44.    Plaintiff is informed and believes and based thereon alleges that Defendant failed to effectively communicate California rest period requirements to their Sales Consultants including Plaintiff and the members of the putative class. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendant failed to provide rest periods.

**FIRST AMENDED CLASS ACTION COMPLAINT**

45.     Throughout the Relevant Time Period, Plaintiff and the members of the putative class were routinely denied the rest breaks they were entitled to under California law.

46.     Specifically, throughout the Relevant Time Period, Defendant regularly:

a.      Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift;

b.      Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

47.     Upon information and belief, based on conservative estimates of 2 meal break and 3 rest break violations a week for an average class member, for an estimated 350 full time equivalent sales consultants, paid at the rate of $25 an hour, for 46 weeks of the year over a four year period (5x25x46x4x350), the total amount of estimated meal and break premium wages owed is $8,050,000.

**F.      Defendants' Failure to Maintain Adequate Employment Records**

48.     At all times relevant hereto, California Labor Code section 1174 required employers to keep payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees.

49.     At all times relevant hereto, Defendants failed maintain documentation of the actual hours worked each day by Plaintiffs, all wages and piece rate units earned and meal breaks taken.

50.     By failing to maintain documentation of the actual hours worked each day, all wages and piece rate units earned and meal breaks taken by Plaintiffs, Defendants violated Labor Code section 1174 and IWC Wage Order No. 7, section 7.

**G.      Defendants' Failure to Provide Accurate Itemized Wage Statements**

51.     At all times relevant hereto, California Labor Code section 226 required employers to provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and meal breaks taken.

**FIRST AMENDED CLASS ACTION COMPLAINT**

52.     At all times relevant hereto, the wage statements provided to Plaintiff by Defendants did not show all applicable wage rates, the number of items sold and the applicable rate for those items, all wages earned, and all hours worked. Along these lines, the wage statements failed to explain if the Sales Consultant's hours worked were compensated at a commission rate or an hourly rate and did not demonstrate how commissions were calculated thus, rendering the statements confusing and difficult to understand.

53.     By failing to provide Plaintiff with accurate itemized wage statements, Defendants violated Labor Code section 226.

54.     Upon information and belief, assuming the maximum violation of $4,000 per person for the average class member, using only the 350 full time equivalents and assuming zero turnover ($4000x350), the total estimated penalties for inaccurate wage statements is $1,400,000.

**H.     Defendant's Failure to Pay All Wages Due at Termination of Employment**

55.     At all times relevant hereto, Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code Sections 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

56.     Defendant willfully and knowingly failed to pay Plaintiff and the members of the putative class, upon termination of employment, all accrued compensation including payment of minimum wage compensation, agreed wages, overtime, and/or premium wages.

57.     Upon information and belief, based on conservative estimates of 350 full time sales consultants, assuming weekly earnings of $1000.00 and 14 days (two weeks) of penalties for the average class members, assuming zero turnover ($1000x2x350), the total estimated penalties owed for wages not paid upon termination is $700,000.

**CLASS ACTION ALLEGATIONS**

58.     Pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4), 23(b)(2), and 23(b)(3), this

**FIRST AMENDED CLASS ACTION COMPLAINT**

action is brought and may be properly maintained as a class action.   This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

**A.  Class Definition**

59.   Plaintiff brings this suit as a class action on behalf of the Class of individuals defined as follows:

> All Sales Consultants employed by Defendants at any time from four years preceding the filing of the initial complaint until judgment is rendered in this action ("Class Period").

60.   Plaintiff further seeks to establish the following "Former Employee" subclass:

> The Former Driver Subclass, which is defined as all Sales Consultants who are no longer employed by Defendant herein.

**B.  Numerosity**

61.   Plaintiff is informed and believe, and based on such information and belief allege, that during the class period, hundreds of putative class members have worked for Defendant as Sales Consultants.   Because so many persons have worked for Defendant in this capacity, the putative members of the Class are so numerous that joinder of all members is impossible and/or impracticable. While the exact number and specific identities of the member class is presently unknown to Plaintiff, this information may readily be ascertained through inspection of Defendant's business records.

**C.  Commonality**

62.   Plaintiff is informed and believes, and based on such information and belief alleges, that numerous questions of law and/or fact are common to all members of the Class including, without limitation:

> a.   Whether Defendant required, encouraged, suffered, or permitted Sales Consultants to perform certain work-related duties without compensation equal to at least the California minimum wage;
>
> b.   Whether Defendant violated Labor Code sections 1182.11 and 1194 and IWC Wage

**FIRST AMENDED CLASS ACTION COMPLAINT**

Order Seven, section 4 and by failing to pay Sales Consultants minimum wage compensation for all hours worked;

c.  Whether Defendant violated Labor Code sections 221 and 223 by failing to pay Sales Consultants at the designated rate and/or minimum wage for all hours worked;

d.  Whether Defendant failed to provide adequate off-duty meal periods and meal period compensation, in violation of Labor Code sections 226.7, 512 and 516 and IWC Wage Order Seven, section 11;

e.  Whether Defendant required, encouraged, suffered, or permitted Sales Consultants to work while clocked out for their meal periods;

f.  Whether Defendant failed to provide rest periods and rest period compensation, in violation of Labor Code sections 226.7, 512 and 516 and IWC Wage Order Seven, section 12;

g.  Whether Defendant failed to reimburse Sales Consultants for all work-related expenses and/or made illegal deductions from wages as prohibited by Labor Code sections 221, 2802, and Cal. Code Regs. Title 8, section 11090(8);

h.  Whether Defendant knowingly and intentionally failed to provide Sales Consultants with accurate, itemized statements, as required by Labor Code section 226 and IWC Wage Order Seven, section 7;

i.  Whether Defendant violated Labor Code section 1174 and IWC Wage Order Seven, section 7 by failing to maintain documentation of the actual hours worked each day by Sales Consultants;

j.  Whether Defendant violated Labor Code section 1174 and IWC Wage Order Seven, section 7 by failing to document meal periods;

k.  Whether Defendant violated Labor Code section 201 and 202, by failing, upon termination, to timely pay Sales Consultants all wages due;

l.  Whether Defendant's conduct constitutes unlawful, unfair and/or fraudulent business practices under the UCL;

m.  Whether Class members are entitled to compensatory damages requiring Defendant

**FIRST AMENDED CLASS ACTION COMPLAINT**

12

to pay Class members for unpaid minimum wages and wages at designated rates;

n. Whether Class members are entitled to liquidated damages from Defendant for unpaid minimum wages under Labor Code section 1194.2;

o. Whether Class members are entitled to restitution of minimum wages, or wages at the designated rates;

p. Whether Class members are entitled to meal period wages;

q. Whether Class members are entitled to restitution of meal period wages;

r. Whether Class members are entitled to rest period wages;

s.  Whether Class members are entitled to restitution for rest period wages;

t. Whether Class members are entitled to statutory penalties;

u. Whether Defendant is liable for prejudgment interest;

v. Whether Defendant is liable for attorneys' fees and costs.

**D.  Typicality**

63.    Plaintiff is informed and believe, and based on such information and belief allege, that their claims are typical of the claims of all members of the Class whom they seek to represent. Defendant treated both Plaintiff and all members of the Class in a virtually identical manner with respect to the violations of law asserted herein. These violations of law arise out of Defendant's common course of conduct in, inter alia (a) requiring members of the Class to work hours for which they were not properly compensated in terms of basic minimum wages and/or designated rates; (b) requiring members of the Class to forego duty free meal breaks and paid rest breaks to which they were entitled; (c) receive inaccurate wage statements; and (d) endure unfair business practices within the meaning of the UCL.

**E.  Adequacy of Representation**

64.    Plaintiff is informed and believe, and based on such information and belief allege, that Plaintiff will fairly and adequately protect the interests of the members of the Class they seek to represent.  Plaintiff is an adequate representative of the Class because Plaintiff is also a member of the Subclass and because Plaintiff's interests do not conflict with the interests of the members of the Class and Subclasses they seek to represent. Plaintiff has retained counsel competent and

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  experienced in the prosecution of complex class actions and Plaintiff and his counsel intend to
2  prosecute this action vigorously for the benefit of the Class.  Plaintiff and his counsel will fairly and
3  adequately protect the interests of the Class members.

4  **F.  <u>Superiority</u>**

5      65.     Plaintiff is informed and believe, and based on such information and belief allege,
6  that this action is properly brought as a class action, not only because the prerequisites of Rule 23
7  and common law related thereto are satisfied (as outlined above), but also because of the following:

8      a.  The prosecution of separate actions by or against individual members of the Class
9          would create risk if inconsistent or varying adjudications with respect to individual
10         members of the Class which would establish incompatible standards for conduct for
11         the party opposing the Class;

12     b.  Adjudications with respect to individual members of the Class would, as a practical
13         matter, be dispositive of the interests of the other members not pursuant to Labor
14         Code sections 1182.12, 1194, 1197, and the applicable parties to the adjudications or
15         substantially impair or impede their ability to protect their interests;

16     c.  Defendant has acted or refused to act on grounds generally applicable to all members
17         of the Class, making declaratory relief appropriate with respect to all of the Class;

18     d.  Questions of law or fact common to the members of the Class predominate over any
19         questions affecting only individual members; and

20     e.  Class treatment is superior to other available methods for the fair and efficient
21         adjudication of the controversy.

22                              <u>**FIRST CAUSE OF ACTION**</u>

23            **FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**

24                        **(By Plaintiffs Against All Defendants)**

25     66.     Plaintiffs hereby incorporate by reference each and every one of the allegations
26  contained in the preceding paragraphs as if the same were fully set forth herein.

27     67.     Pursuant to Labor Code sections 1182.12, 1194 and 1197 and IWC Wage Order
28  Seven, section 4, Plaintiffs may bring a civil action for unpaid minimum wages directly against an

                          **FIRST AMENDED CLASS ACTION COMPLAINT**

                                            14

1    employer.

2          68.    At all relevant times herein, Labor Code sections 1182.12, 1194 and 1197 and IWC

3    Wage Order Seven, section 4, provided for payment of state-law minimum wages at the rate

4    described therein.

5          69.    Defendant's compensation scheme did not fairly compensate Sales Consultants for

6    certain activities, including but not limited to, taking inventory of cars, performing training modules,

7    following standard operating procedures, listening to and critiquing co-workers telephone

8    conversations, attending staff meetings, performing telephone support, and responding to internet

9    leads.  As a result, Defendant suffered or permitted Plaintiff and the members of the putative class to

10   perform work without compensation, while subject to Defendant's control.

11         70.    By failing to maintain adequate time records as required by Labor Code

12   section 1174(d) and IWC Wage Order Seven, section 7(A), Defendant has made it difficult to

13   calculate the minimum wage compensation due Plaintiff and the members of the putative class.

14         71.    Defendant owes Plaintiff and the members of the putative class minimum wages and

15   liquidated damages pursuant to Labor Code sections 1182.12, 1194, 1194.2 and 1197, IWC Wage

16   Order Seven, section 4, due in amounts to be determined at trial during the three (3) years prior to

17   the filing of this the initial Complaint.

18         72.    Plaintiff and the members of the putative class request payment of unpaid minimum

19   wages due in amounts to be determined at trial, interest, attorneys' fees and costs, against Defendant

20   in a sum as provided by the Labor Code and/or other statutes.

21         73.    Plaintiff and the other Class members also request relief as described below.

22                          **SECOND CAUSE OF ACTION**

23   **PAYMENT OF WAGES BELOW DESIGNATED RATE FOR ALL HOURS WORKED**

24                        **(By Plaintiffs Against All Defendants)**

25         74.    Plaintiff hereby incorporates by reference each and every one of the allegations

26   contained in the preceding paragraphs as if the same were fully set forth herein.

27         75.    At all relevant times herein, the applicable Labor Code sections referenced herein

28   applied to Sales Consultants employed by Defendant.

                          **FIRST AMENDED CLASS ACTION COMPLAINT**

76.     Defendant's compensation scheme did not fairly compensate Sales Consultants for certain activities, including but not limited to, taking inventory of cars, performing training modules, following standard operating procedures, listening to and critiquing co-workers telephone conversations, attending staff meetings, performing telephone support, and responding to internet leads.  As a result, Defendant suffered or permitted Plaintiff and the members of the putative class to perform work without compensation, while subject to Defendant's control.

77.     At all relevant times herein, Labor Code section 223 provided "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

78.     Defendant's compensation scheme purported to compensate Plaintiff and the members of the putative class for all hours worked.  In reality, Defendant suffered or permitted Plaintiff and the members of the putative class to work portions of their day without compensation, while subject to Defendant's control.

79.     California law requires employers to pay wages in accordance with a designated wage scale.  Nevertheless, Defendant paid less than minimum wages and less than the agreed upon compensation owed to Plaintiff and the members of the putative class, while purporting to pay the designated wage scale. As a result, Defendant's conduct violates Labor Code sections 221 and 223.

80.     Defendant owed and still owes Plaintiff and the members of the putative class wages pursuant to the Labor Code in amounts to be determined at trial for the hours worked during the class period.

81.     Plaintiff and the other class members request payment of unpaid wages below the designated rate in amounts to be determined at trial, plus interest, attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

82.     Plaintiff and the other Class members also request relief as described below.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (By Plaintiffs Against All Defendants)

83.     Plaintiff hereby incorporates by reference each and every one of the allegations

### FIRST AMENDED CLASS ACTION COMPLAINT

1   contained in the preceding paragraphs as if the same were fully set forth herein.

2         84.     Plaintiff is informed and believes, and thereon allege, that Plaintiff and the members

3   of the putative class regularly worked more than five (5) hours per shift and were entitled to a meal

4   period of not less than thirty (30) minutes without duty.  Plaintiff is further informed and believes,

5   and thereon alleges, that Plaintiff and the members of the putative class regularly worked more than

6   ten (10) hours per shift and were entitled to a second meal period of not less than thirty (30) minutes

7   without duty.

8         85.     Nevertheless, Plaintiff is informed and believes, and thereon allege, that Defendant

9   routinely failed to provide Plaintiff and the members of the putative class with such meal periods

10  without duty, notwithstanding the fact that Plaintiff and the members of the putative class had not

11  waived their right to the same. Thus, Defendant failed to provide Plaintiff and the members of the

12  putative class with meal periods required by Labor Code sections 226.7, 512, 516 and IWC Wage

13  Order Seven, section 11 and categorically failed to pay any and all meal period wages due.

14        86.     Plaintiff and the members of the putative class seek damages pursuant to Labor Code

15  section 226.7(b) and IWC Wage Order Seven section 11(D), in the amount of one additional hour of

16  pay at the regular rate for each work day that the meal period is/was not provided to Plaintiff and

17  any member of members of the putative class, the cumulative sum of which is to be determined at

18  trial.

19        87.     Plaintiff and the members of the putative class seek prejudgment interest on all

20  amounts recovered herein pursuant to Labor Code sections 218.6, 1194(a) and the California Civil

21  Code sections 3287(b) and 3289.

22  **FOURTH CAUSE OF ACTION**

23  **FAILURE TO PROVIDE REST PERIODS**

24  **(By Plaintiffs Against All Defendants)**

25        88.     Plaintiff hereby incorporates by reference each and every one of the allegations

26  contained in the preceding paragraphs as if the same were fully set forth herein.

27        89.     Plaintiff is informed and believe, and thereon allege, that Plaintiff and the members

28  of the putative class were entitled to a paid rest period of not less than ten (10) minutes without duty

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  for each and every four (4) hours worked during the workday.

2    90.    Nevertheless, Plaintiff is informed and believes, and thereon allege, that Defendant

3  routinely failed to provide Plaintiff and the members of the putative class with such paid rest periods

4  without duty, notwithstanding the fact that Plaintiff and the members of the putative class had not

5  waived their right to the same. Thus, Defendant failed to provide Plaintiff and the members of the

6  putative class with rest periods required by Labor Code sections 226.7, 512, and 516, IWC Wage

7  Order Seven, section 12, and categorically failed to pay any and all meal period wages due.

8    91.    Plaintiff and the members of the putative class seek damages pursuant to Labor Code

9  section 226.7(b) and IWC Wage Order Seven section 12(B), in the amount of one additional hour of

10  pay at the regular rate for each work day that the rest period is/was not provided to Plaintiff and any

11  member of the putative class, the cumulative sum of which is to be determined at trial.

12    92.    Plaintiff and the members of the putative class seek prejudgment interest on all

13  amounts recovered herein pursuant to Labor Code sections 218.6 and 1194(a) and the California

14  Civil Code sections 3287(b) and 3289.

15  **FIFTH CAUSE OF ACTION**

16  **FAILURE TO REIMBURSE/ILLEGAL DEDUCTIONS**

17  **(By Plaintiffs Against All Defendants)**

18    93.    Plaintiff and those similarly situated Class members hereby incorporate by reference

19  each and every other paragraph in this Complaint herein as if fully plead.

20    94.    An employer shall indemnify employees for all necessary expenditures or losses

21  incurred by the employees in direct consequence of the discharge of the employees' duties, or the

22  employees' obedience to the directions of the employer. Further, an employer shall not collect or

23  receive from an employee any part of wages theretofore paid by employer to employee.

24    95.    Defendant has a continuous policy and/or practice of failing to reimburse and/or

25  indemnify Plaintiff and the Class members for, including, but not limited to lumper fees, scale fees,

26  and/or other expenses for company and/or business related purposes.

27    96.    Defendant has a continuous policy and/or practice of failing to reimburse and/or

28  indemnify Plaintiff and the Class Members for, including, but not limited to use of their cell phones

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   for business purposes.

2   97.   Said continuous policy and/or practice of failing to reimburse Plaintiff and Class

3   Members and deducting wages from employees is illegal under Labor Code sections 221, 2802, and

4   Cal. Code Regs. Title 8, section 11090(8).

5   98.   As a direct result of Defendant's policy of failing to reimburse Plaintiff and Class

6   Members and deducting wages from employees, Plaintiff and those similarly situated have been

7   damaged in an amount to be proven at trial.

8   **SIXTH CAUSE OF ACTION**

9   **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

10  **(By Plaintiffs Against All Defendants)**

11  99.   Plaintiff hereby incorporates by reference each and every one of the allegations

12  contained in the preceding paragraphs as if the same were fully set forth herein.

13  100.   Defendant paid Plaintiff and the members of the putative class on a commission

14  basis, with some variation thereon. However, as noted above, Defendant failed to pay Plaintiff and

15  the members of the putative class for all hours worked by Plaintiff and the members of the putative

16  class during the relevant time period.

17  101.   Labor Code section 226(a) and IWC Wage Order Seven, section 7(B) require

18  employers to furnish each employee with a statement itemizing, among other things, the total hours

19  worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

20  102.   Defendant knowingly and intentionally failed to furnish Plaintiff and the members of

21  the putative class with timely, itemized statements in compliance with Labor Code section 226(a)

22  and IWC Wage Order Seven section 7(B).

23  103.   Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly and

24  intentionally failed to furnish Plaintiff and the members of the putative class with timely, itemized

25  statements showing (a) total hours/commissions worked, (b) gross wages earned, (c) all deductions,

26  and/or (d) all applicable hourly/piece rates in effect during each respective pay period and the

27  corresponding number of hours/commissions worked at each hourly rate by each respective

28  individual.

**FIRST AMENDED CLASS ACTION COMPLAINT**

104.    Plaintiff is informed and believe, and thereon allege, that Defendant did not maintain accurate business records pertaining to the total hours/pieces worked for Defendant by Plaintiff and the members of the putative class.

105.    As a result of not having kept accurate records, Plaintiff and the members of the putative class suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

106.    Plaintiff and the members of the putative class herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a).

107.    Plaintiff and the members of the putative class also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

108.    Plaintiff and the members of the putative class also request relief as described below.

### SEVENTH CAUSE OF ACTION

### FOR WAITING TIME PENALTIES

**(On behalf of the Former Employee Subclass Against All Defendants)**

109.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

110.    Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code section 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty (30) work days.

111.    Plaintiff is informed and believes, and thereon alleges, that Defendant, in violation of Labor Code section 203, consistently and willfully failed to timely pay members of the Former Employee Subclass, all wages due and owing to said subclass members at the time of termination of employment, including basic minimum wages and premium pay due for meal period and rest period wages as set forth hereinabove.

112.    Plaintiff, on behalf the Former Employee Subclass, seeks the penalties to which he is

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  entitled pursuant to Labor Code section 203, in the amount of each member of the Former Employee

2  Subclass' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined

3  at trial.

**EIGHTH CAUSE OF ACTION**

**CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ*.**

**(By Plaintiffs Against All Defendants)**

113.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

114.    Defendant, and each of them, committed acts of unfair competition as defined by California Business and Professions Code section 17200, et. seq., by engaging in the following unlawful, unfair and fraudulent business acts and practices in the State of California:

    a.  Failing to pay minimum wage compensation to Plaintiff and the members of the putative class for all hours worked;

    b.  Failing to pay wages at the designated rate to Plaintiff and the members of the putative class for all hours worked;

    c.  Failing and refusing to provide meal periods to Plaintiff and the members of the putative class;

    d.  Failing and refusing to pay premium wages for on-duty, missed, short, or late meal periods;

    e.  Failing and refusing to provide rest periods to Plaintiff and the members of the putative class;

    f.  Failing and refusing to pay wages for rest periods;

    g.  Failing and refusing to pay premium wages for missed, short, or late rest periods;

    h.  Failing and refusing to provide accurate itemized wage statements to Plaintiff and the members of the putative class;

    i.  Failing and refusing to pay all wages due upon termination; and

    j.  Failing and refusing to maintain payroll records showing the actual hours worked each day by Plaintiff and the members of the putative class.

**FIRST AMENDED CLASS ACTION COMPLAINT**

115.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continue to hold ill-gotten gains belonging to Plaintiff and the members of the putative class. As a direct and proximate result of Defendant's unlawful business practices, Plaintiff and the members of the putative class have suffered economic injuries including, but not limited to, loss of minimum wage/designated rate compensation, compensation for missed meal and rest periods, and waiting time penalties.

116.    Through Defendant's use of such unlawful, unfair, and/or fraudulent acts and practices, Defendant has gained an unfair advantage over Defendant's competitors.

117.    Plaintiff and the members of the putative class seek full restitution on account of the economic injuries they have suffered, along with disgorgement of ill-gotten gains from Defendant as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendant by means of the unlawful, unfair and fraudulent business practices complained of herein.

118.    Plaintiff and the members of the putative class seek appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

119.    Further, if Defendant are not enjoined from engaging of the unlawful, unfair and fraudulent conduct described above, Defendant will continue unabated in their conduct, which will result in continued irreparable injury to Defendant's competitors and members of the public including, but not limited to, members of the putative class who currently work for Defendant, and for which there is no adequate remedy at law.  Thus, Plaintiff and the members of the putative class request that the Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the foregoing conduct.

120.    Plaintiff and the members of the putative class also request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

     a.    An order certifying the class and sub-class identified herein;

     b.    An order appointing Plaintiff as representative of the class and sub-class identified

**FIRST AMENDED CLASS ACTION COMPLAINT**

herein;

c. An order appointing Plaintiff's counsel as class counsel;

d. Damages;

e. Restitution;

f. Statutory penalties;

g. Pre-judgment and post-judgment interest;

h. Costs of suit;

i. Reasonable attorneys' fees; and

j. Such other and further relief as the Court may deem necessary or appropriate.

DATED:  February 1, 2017                    **HUMPHREY & RIST, LLP**
                                            **TOWER LEGAL GROUP, PC**


                                            By:  /S/   Christina A. Humphrey
                                                   Christina A. Humphrey, Esq.
                                                   Thomas A. Rist, Esq.
                                                   James A. Clark, Esq.
                                                   Attorneys for Plaintiffs




## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial of Plaintiff's and the members of the putative class' claims by jury to the extent authorized by law.


DATED:  February 1, 2017                    **HUMPHREY & RIST, LLP**
                                            **TOWER LEGAL GROUP, PC**


                                            By:  /S/   Christina A. Humphrey
                                                   Christina A. Humphrey, Esq.
                                                   Thomas A. Rist, Esq.
                                                   James A. Clark, Esq.
                                                   Attorneys for Plaintiffs


**FIRST AMENDED CLASS ACTION COMPLAINT**