UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES ROWLAND,

               Plaintiff,

    v.

CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, et al.,

               Defendants.

Case No. 16-cv-02135-VC

**ORDER GRANTING MOTION TO
COMPEL ARBITRATION;
DISMISSING CASE WITHOUT
PREJUDICE**

Re: Dkt. No. 6

---

CarMax's motion to compel arbitration is granted, and the case is dismissed without prejudice. Recognizing that *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), forecloses his argument that class arbitration waivers are unenforceable, Rowland instead argues that compelling arbitration will violate his First and Fifth Amendment rights. But enforcement of an arbitration agreement under the Federal Arbitration Act does not qualify as state action, and Rowland therefore cannot challenge it on constitutional grounds. *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 844-45 (2017).

Rowland also contends that the parties' Dispute Resolution Agreement is unconscionable. Even if requiring prospective employees to request a copy of supplemental dispute resolution rules creates a modicum of procedural unconscionability, the agreement is not substantively unconscionable. Rowland suggests that the agreement precludes employees from filing a complaint with the National Labor Relations Board, but it in fact expressly preserves an employee's right to seek relief from any government agency, including the NLRB. Nor is it clear that such a prohibition would render the entire agreement unenforceable. *Cf. Sakkab v. Luxottica*

*Retail N. Am, Inc.*, 803 F.3d 425, 440 (9th Cir. 2015). Absent a showing of substantive unconscionability, Rowland's argument fails. *See, e.g.*, *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 247 (2012).

**IT IS SO ORDERED.**

Dated: April 9, 2019

VINCE CHHABRIA
United States District Judge